UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV 16-7377 PA (RAOx) | Date | December 5, 2016 |
|---|---|---|---|
| Title | Christopher S. Lewis v. Wells Fargo Bank, N.A., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**    IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Remand filed by plaintiff Christopher S. Lewis ("Plaintiff"). (Docket No. 11.)  Plaintiff contends that this case should be remanded because it was improperly removed, as the Court lacks jurisdiction.  See 28 U.S.C. § 1332.  Defendant Wells Fargo Bank, National Association ("Wells Fargo") has filed an Opposition.  (Docket No. 12.)  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument.  The hearing calendared for November 28, 2016 is vacated, and the matter taken off calendar.

Plaintiff filed this action against his former employer Wells Fargo and his former supervisor defendant Robert L. Roszkos ("Roszkos") for wrongful termination, retaliation, and breach of the covenant of good faith and fair dealing in Los Angeles Superior Court on August 31, 2016.  (Docket No. 1-2, Complaint.)  Defendant removed the action to this Court on September 30, 2016, alleging that this Court has jurisdiction based on diversity of citizenship and that Roszkos' citizenship should be ignored because he was fraudulently joined.  Plaintiff filed this Motion on October 26, 2016.

**I.      Legal Standard**

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction over only those matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

To invoke this Court's diversity jurisdiction, a party must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  28 U.S.C.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV 16-7377 PA (RAOx) | Date | December 5, 2016 |
|---|---|---|---|
| Title | Christopher S. Lewis  v. Wells Fargo Bank, N.A., et al. | | |

§ 1332.  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  Id.  For the purposes of diversity jurisdiction, a national bank is "a citizen of the State in which its main office, as set forth in its articles of association, is located."  Wachovia Bank v. Schmidt, 546 U.S. 303, 307, 126 S. Ct. 941, 945, 163 L. Ed. 2d 797 (2006) (construing 28 U.S.C. § 1348).

**II.     Analysis**

Wells Fargo contends that this action was properly removed because Roszkos was fraudulently joined, and there is complete diversity between Plaintiff and Wells Fargo, the only other defendant.[1/] The Ninth Circuit has recognized an exception to the complete diversity requirement where a non-diverse defendant has been "fraudulently joined."  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).  Fraudulent joinder arises if a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state."  McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).  If a court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity.  See, e.g., Morris, 236 F.3d at 1067.  "There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion."  Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).  Moreover, a claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant.  See id. at 1008, 1012.  "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so."  Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996); see also Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant.").  "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party."  Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42-43 (5th Cir. 1992)).

Wells Fargo argues that Plaintiff has no possibility of prevailing in his claims against Roszkos. As to Plaintiff's California Labor Code section 1102.5 claim, Wells Fargo contends that such a claim can stand against only employers, not individuals.  Section 1102.5 "is a whistleblower statute, the purpose of which is to encourag[e] workplace whistle-blowers to report unlawful acts without fearing retaliation."  Soukup v. Law Offices of Herbert Hafif, 39 Cal.4th 260, 287 (2006) (internal quotation

---

[1/]     Here, Wells Fargo contends that Plaintiff is a citizen of California.  Defendant does not allege, nor does the Complaint contain suffcient facts to determine, the citizenship of Roszkos.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV 16-7377 PA (RAOx) | Date | December 5, 2016 |
|---|---|---|---|
| Title | Christopher S. Lewis v. Wells Fargo Bank, N.A., et al. | | |

marks and citation omitted). Before 2013, the statute explicitly applied to "employers" only. See Vierria v. Cal. Highway Patrol, 644 F. Supp. 2d 1219, 1244 (E.D. Cal.2009) ("The relevant portions of the statute clearly indicate that [1102.5] is meant to establish prohibited activity by employers, rather than individuals."). Yet, in 2013, the California legislature amended the section to state that "[a]n employer, or any person acting on behalf of the employer" is liable for violation of section 1102.5. See Cal. Lab. Code § 1102.5 (emphasis added); De La Torre v. Progress Rail Servs. Corp., No. CV 15-4526 FMO (GJSx), 2015 WL 4607730, at *3 (C.D. Cal. July 31, 2015). Whether individuals can be liable under this statute as amended has not yet been determined by California state courts.

Wells Fargo cites five district court post amendment decisions that have found that individuals cannot be held liable under section 1102.5. (Opposition, 6.) Yet these decisions were conclusorily rendered, cited pre-amendment state case law, and/or involved statutory analysis on a motion to dismiss. See Green v. Cox Comms., Inc., No. 15cv94-LAB (DHB), 2016 WL 308591, at *2 (S.D. Cal. Jan. 25, 2016); Conner v. Aviation Servs. of Chevron U.S.A., 2014 WL 5768727, at *5 (N.D. Cal. Nov. 5, 2014); Vera v. Con-way Freight, Inc., No. CV 15-874 AJW, 2015 WL 1546178, at *1 (C.D. Cal. Apr. 6, 2015); Anderson v. Peninsula Fire Dist., No. 2:13-CV-01736-TLN-CMK, 2014 WL 1400950, at *4 (E.D. Cal. Apr. 10, 2014) (citing Lloyd v. Cnty. of L.A., 172 Cal. App.4th 320 (2009)); Tillery v. Lollis, No. 1:14-cv-02025, 2015 WL 4873111, at *9 (Aug. 13, 2015). None of these cases cites post-amendment state law interpreting section 1102.5.

Plaintiff argues that the amendment, at the very least, creates ambiguity as to whether an individual can now be liable under the statute. Plaintiff cites De La Torre v. Progress Rail Servs. Corp. to support his contention. (Motion, 3–5 (citing De La Torre, 2015 WL 4607730). After thoroughly considering the issue, the De La Torre court concluded that remand was appropriate because state law was unclear on that point. De La Torre, 2015 WL 4607730. The Court agrees with the De La Torre court and finds that the addition of "or any person acting on behalf of the employer" to the statutory language renders section 1102.5 ambiguous. Because any ambiguity in state law must be interpreted in favor of the non-removing party, the Court must interpret section 1102.5, for purposes of this Motion, to extend to liability against an individual. Therefore, Defendant has not satisfied its burden to prove that there is no possibility of Plaintiff's success in his section 1102.5 claim against Roszkos.[2]

Therefore, Wells Fargo has not demonstrated that Roszkos was fraudulently joined, and the Court will not ignore his citizenship for purposes of evaluating whether diversity jurisdiction exists. Because the Court cannot ignore the citizenship of Roszkos, the Court concludes that Wells Fargo has not established complete diversity of citizenship in this case.

---

[2] Because there is a possibility of success against Roszkos as to the section 1102.5 claim, the Court need not consider whether Plaintiff's other claims against Roszkos have a possibility of success.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV 16-7377 PA (RAOx) | Date | December 5, 2016 |
|---|---|---|---|
| Title | Christopher S. Lewis  v. Wells Fargo Bank, N.A., et al. | | |

**Conclusion**

      For the foregoing reasons, Plaintiff's Motion is granted.  Accordingly, the Court remands this action to Los Angeles Superior Court, Case No. BC632386, for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.